## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THOMAS A. CHENNADU ) | CASE NO. 13-20436 |
| DEBTOR ) | |
| _____ ) | CHAPTER 13 |
| THOMAS A. CHENNADU ) | |
| MOVANT ) | |
| ) | DOC NO:_____ |
| V ) | |
| ) | |
| JPMORGAN CHASE BANK, ) | |
| NATIONAL ASSOCIATION ) | |
| RESPONDENT ) | |
| ) | |
| MOLLY T. WHITON ) | |
| CHAPTER 13 TRUSTEE ) | |
| _____ ) | |

### OBJECTION TO PROOF OF CLAIM #4
### BY JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

Thomas Chennadu (the "Movant"), by and through counsel Suzann L. Beckett, hereby objects to Proof of Claim #4 filed on 07/30/13 by JPMorgan Chase Bank, National Association (the "Creditor") in the amount of $285,099.12 with respect to Mr. Chennadu's Chapter 13 Bankruptcy filed 03/10/13, on the grounds indicated below:

1. The Claimant failed to provide sufficient documentation to substantiate that the debt is validly owned by the Creditor and/or that the Claimant is the lawful owner of the Note.

2. The Claimant failed to provide the necessary information to complete and substantially comply with the official form.

I. **PROOF OF CLAIM #4 IS UNENFORCEABLE AGAINST MR. CHENNADU UNDER 11 U.S.C. § 502(b)1**

In accordance with 11 U.S.C § 502, a claim must be disallowed if a party in interest objects and the claim is excepted by statute. A "claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because

such claim is contingent or unmatured." 11 U.S.C § 502(b) (1). The Creditor offered insufficient documents to provide any validity to their claim. The Creditor has failed to show a chain of ownership that validly links them to the original lender, "Freedom of Choice Mortgage, LLC" and "Washington Mutual Bank, FA". Proof of Claim #4 is not enforceable under the law because it lacks the vital agreements and documents to assert a valid claim.

## II. THE CREDITOR HAS NOT SHOWN A VALID CHAIN OF OWNERSHIP FROM THE ORIGINAL LENDER TO JPMORGAN CHASE BANK

The Creditor alleges to be the entity to which Mr. Chennadu owes $285,099.12, as stated in Proof of Claim #4. The instrument titled "NOTE" dated October 25th, 2005, shows the original lender as, Freedom Choice Mortgage, LLC. The instrument is signed by Thomas A. Chennadu. It is also indorsed by Frank Noe, in his capacity "Manager" of Freedom Choice Mortgage, LLC to Washington Mutual Bank, FA.

The Note attached to the Proof of Claim, which purports to be a copy of the original, does not indicate anywhere that the Note was subsequently indorsed to JP Morgan Chase Bank, National Association or any other entity.

Upon information and belief, the Freedom Choice Mortgage, LLC Note was acquired by Fannie Mae on or about December 22nd, 2005. Any transfer or assignment after December 22, 2005 must, by necessity, include Fannie Mae as a party. The Proof of Claim does not include any mention of Fannie Mae's ownership or even their acquisition of the Note and Mortgage, or what rights JP Morgan Chase Bank, National Association has or may have or how it acquired such rights.

The Bankruptcy court requires conclusive proof of ownership from the creditor before their Proof of Claim will be considered in the debtors bankruptcy proceedings. In the *Stauder*

decision, the court found attempted proofs of claim were so insufficient that they warranted disallowance. In that case, creditors provided documents titled "Bill of Sale or Assignment" and "Affidavit of Sale" which offered evidence that the creditor bought some but not all accounts from the previous owner and gave no specific account numbers or any way to verify that the debtor's account was a part of the transaction. *In re Stauder*, 396 B.R. 609, 610 (Bankr. M.D. Pa. 2008). The court reasoned that the evidence offered by the creditors did not meet a high enough standard for the court to consider the claim. Without additional evidence to back up the creditor's claim, the court decided the two claims in question had to be denied.

In a more recent ruling on this issue, *In re Pursley*, the court disallowed claims for lack of documentation showing ownership of the claim. The court found that because the debt had been transferred from the original creditor to the alleged assignee, the debtor's testimony was valid in that they did not know the alleged assignee nor did they have any knowledge of ever owing money to the alleged assignee. *In re Pursley*, 451 B.R. 213, 233 (Bankr. M.D. Ga. 2011). This case also points out that an invalid claim outside of Bankruptcy court is an invalid claim inside the Bankruptcy court in accordance with 11 U.S.C. § 502 (b) 1.

### III. THE CREDITOR IMPROPERLY ASSERTS THEIR RIGHT TO FORECLOSE ON THE MORTGAGE.

In Proof of Claim #4, under the heading "Basis for asserting that the applicable party has the right to foreclose", the creditor indicates that they are servicer of the loan but not the actual owner. Specifically, the Creditor states that they, the "noteholder directly or through an agent, has possession of the promissory note" and that "the promissory note is either made payable to Noteholder or has been duly endorsed". Review of the promissory note fails to show any evidence that JPMorgan Chase is a noteholder or that the note been duly endorsed to it.

## IV. PROOF OF CLAIM #4 DOES NOT SUBSTANTIALLY CONFORM TO THE OFFICIAL FORM UNDER 3001(a)

Generally, a "proof of claim shall conform substantially to the appropriate Official Form" and "proofs of claim that fail to comply with the Bankruptcy Rules are not prima facie valid and are therefore not deemed allowed." Fed. R. Bankr. P. 3001(a). *In re Gilbreath*, 395 B.R. 356, 361 (Bankr. S.D. Tex. 2008). The rules establishing substantial conformity vary in the case law but the actual Official Form #10 lays some helpful groundwork. For a secured claim, the Form requires the name and address of the creditor, the amount of claim, the value of the property, the basis for the claim, the classification of the claim, supporting documents, the account number, and more depending on the assertions of the claim. Additionally the Federal Rules of Bankruptcy Procedure outline several other requirements. For example, when a claim is based on a writing the statute requires: a copy of that writing or an explanation as to why it is unavailable, an itemized statement including fees, interest, expenses, or charges in addition to the principal amount, statement of the necessary amount to cure a default on the debtor's property, if applicable, and the appropriate attachment to any security interest. Fed. R. Bankr. P. 3001(c)2. In Proof of Claim #4, the creditor did not include the value of the property. The value of the property is very significant in a Proof of Claim for a Secured Claim. The amount will show whether the claim is fully secured and if not, how much of a deficiency there is. The Creditor cannot even argue that they did not know the value of the property. In their itemized statement of interest, charges, and fees the Creditor lists a fee of $275.00 dated February 5th, 2013 for "Appraisal / broker's price opinion fees".

The Creditor failed to properly complete the proof of claim form. Bankruptcy Rule 3001 (a) requires that all proofs of claim must "substantially conform" to the official form. Without

all of the necessary information on the form, a claim cannot be considered to conform. This lack of information precludes Proof of Claim #4 from meeting the requirements of 3001 (a) and should therefore be disallowed.

### V. PROOF OF CLAIM #4 DOES NOT ENJOY *PRIMA FACIE* VALIDITY UNDER 3001(f) OF THE BANKRUPTCY RULES

Considering Proof of Claim #4's failure to meet the requirements of 3001(c), the claim cannot have *prima facie* validity under Bankruptcy Rule 3001(f). When the debtor has shown that the Proof of Claim lacks evidence to prove its validity, the creditor "is required to come forward with evidence to support its claims ... and bears the burden of proving its claims by a preponderance of the evidence". *In re Tracey*, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008). Mrs. Chennadu has shown that the Proof of Claim as filed lacks the necessary information to show with certainty that the Creditor is the true owner of the debt in question.

The Creditor has failed to provide the sufficient documentation in accordance with the Federal Rules of Bankruptcy Procedure to substantiate the validity of the debt, rendering Proof of Claim #4 unenforceable.

WHEREFORE, the Movant respectfully requests that the claim be disallowed pursuant to 11 U.S.C. § 502(b)(1).

                                          MOVANT,    THOMAS CHENNADU

                                          By:   /s/ Suzann L. Beckett
                                                Suzann L. Beckett, LLC
                                                543 Prospect Avenue
                                                Hartford, CT 06105
                                                (860) 236-1111
                                                Federal Bar No. ct02186