IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THOMAS A. CHENNADU ) | CASE NO. 13-20436 |
| DEBTOR ) | |
| ) | CHAPTER 13 |
| THOMAS A CHENNADU ) | |
| MOVANT ) | MARCH 25, 2014 |
| ) | |
| V. ) | |
| ) | |
| JPMORGAN CHASE BANK, ) | |
| NATIONAL ASSOCIATION ) | |
| RESPONDENT ) | |
| ) | |
| MOLLY T. WHITON ) | |
| CHAPTER 13 TRUSTEE ) | |

**DEBTOR'S RESPONSE TO JPMORGAN CHASE'S
REPLY TO DEBTOR'S OBJECTION TO PROOF OF CLAIM #4**

Thomas Chennadu, (hereinafter "Debtor"), by and through counsel Suzann L. Beckett, hereby supplements his initial *Objection to Proof of Claim #4* by submitting this *Response* to the *Reply to Debtor's Objection to Claim* filed by JPMorgan Chase Bank, N.A. (hereinafter "Chase") on February 17, 2014.

**I. BACKGROUND.**

 A. **The Note.**

It is undisputed that Thomas Chennadu signed a Promissory Note (the "Note") on or about October 24, 2005 in favor of Freedom Choice Mortgage, LLC ("Freedom"). It is also undisputed that Freedom then endorsed the Note over to Washington Mutual Bank, FA ("WMB"). The issue in the case at bar is what happened to the Note after it was executed by Mr. Chennadu, whether the WMB endorsement is valid, when and how it was transferred, whether the Chase

1

endorsement is valid, and who owned the Note at the time Proof of Claim #4 was filed with this Court.

In its February 17, 2014 *Reply,* Chase alleges that it acquired the Note by virtue of a Purchase and Assumption Agreement dated September 25, 2008. Chase even offered a 43 page document (*its Exhibit C*) which reflects an agreement by and between the FDIC and JP Morgan Chase Bank, N.A. However, after perusing that agreement at some length, the debtor is unable to find any reference to his particular Note in that document which, without more, makes the Agreement wholly irrelevant to the case at bar.

B. **The Mortgage.**

It is undisputed that the debtor also executed, on or about October 24, 2005, an Open-End Mortgage Deed (the "Mortgage") which secured certain real property known as 69-71 Dover Road, West Hartford, CT. It is also undisputed that on or about May 30, 2012, just before initiating foreclosure in August 2012, an Assignment was recorded on the land records by which Mortgage Electronic Registration Systems (hereinafter "MERS") purported to assign the Mortgage to Chase.

The debtor disputes the legal validity of the MERS assignment, although that issue is outside the context of the pending Objection to Claim and shall not be addressed herein.

C. **The Proof of Claim.**

It is undisputed that Chase filed Proof of Claim #4 on July 10, 2013. The Claim was signed by Cassie Funk, "Vice President," from Chase's San Diego location. When Ms. Funk signed the Proof of Claim, she checked the box that states "I am the creditor." She did not check the box which states "I am the creditors' authorized agent" which would be required, for example, if Chase was the servicing agent for the true owner. On Page 1, Ms. Funk did not list

2

another entity as "Creditor" but listed Chase itself, thereby indicating that Chase is the owner of the debt. The Note attached to Proof of Claim #4 is clearly identified as "Certified to be True and Accurate {Cop}y of the Original". That Note is in favor of Freedom Choice Mortgage LLC and thereafter endorsed to WMB. **There is no endorsement to Chase.** The Debtor asks the Court to take Judicial Notice of the lack of endorsement.

## II. CHASE IS NOT THE OWNER OF THE NOTE.

### A. Chase Misled the Debtor by Stating at Various Times That it *IS* and *IS NOT* the Owner of the Chennadu Note.

In 2012, Chase stated that Fannie Mae owned the Debtor's loan (which Debtor believes to be the case). For example, on **August 30, 2012,** the same month it commenced a foreclosure in the name of JP Morgan Chase in the Hartford Superior Court, (*see* Writ attached hereto as *Exhibit A)*, Chase sent Debtor a letter regarding a potential mortgage modification. In it, Chase wrote: "you may be eligible for a modification offered by **Fannie Mae (the owner of your loan)**." *Emphasis added. Parentheses in original.* See correspondence attached hereto as *Exhibit B.*

However, roughly one year later, on September 17, 2013, Chase replied to Debtor's Qualified Written Request by stating: "**JPMorgan Chase Bank, National Association is the owner and servicer** of the Note for this loan." *Emphasis added.* See correspondence attached hereto as *Exhibit C*.

### B. Fannie Mae is the Owner of the Chennadu Note

On November 1, 2013, forensic accountant Jay Patterson, CFE, conducted an examination of the Debtor's loan for the property located at 69-71 Dover Road, West Hartford, CT. Through his investigation of SEC records and various other government websites and other

*Suzann L. Beckett, Esq. , CT 02186, 543 Prospect Avenue, Hartford, CT 06105  860-236-1111*

material available to him in his position as a Certified Fraud Examiner, Mr. Patterson determined that, in reality, **Fannie Mae acquired ownership of the Debtor's Note on December 22, 2005**. An affidavit from Mr. Patterson swearing to this fact is attached hereto as *Exhibit D*; Mr. Patterson's full report is attached hereto as *Exhibit E*.

As noted above, in its *Reply* to Debtor's *Objection*, Chase states that it "acquired the Note" {indicating it had become owner} by virtue of a Purchase and Assumption Agreement executed by Chase and the Federal Deposit Insurance Corporation acting as the receiver for [Washington Mutual Bank, FA]." The Purchase and Assumption Agreement referenced by Chase is dated **September 25, 2008**. This FDIC – Chase agreement, attached as *Exhibit C* to the Reply, was signed almost *3 years after* Fannie Mae acquired the Note.

Debtor's Note was not, *and could not have been,* one of the assets purportedly acquired by Chase from the FDIC in 2008 because Washington Mutual Bank, FA <u>had already transferred ownership</u> of that Note to Fannie Mae long before the execution of the Agreement. The Debtor respectfully submits that Chase is aware of the erroneous nature of its assertion and that such assertion was made in an attempt to misdirect and mislead both the Debtor and this Court.

The statements made by Chase in this case are eerily similar to those made in <u>*JPMorgan Chase Bank, NA v. Frederick Butler, et al.*</u> currently pending in New York. There, Chase foreclosured on the defendant's property by falsely claiming that it acquired ownership of the defendant's Washington Mutual note from the FDIC. Actually, in that case as well as in the instant case, Fannie Mae had acquired the defendant's Note from Washington Mutual well before the FDIC became the bank's receiver. The *Butler* court determined that Washington Mutual retained the servicing rights to defendant's loan after it was purchased by Fannie Mae

4

and, as a result, the FDIC, at best, could only have had servicing rights to sell to Chase. It did not have, and could not have transferred, ownership of the underlying Note.

Judge Arthur M. Schakj provides a very thorough overview of the transactions by and between the various parties in *Butler* and, in considering sanctions against Chase and their counsel in that case, stated:

> After numerous misrepresentations to the Court by various counsel for CHASE, it is clear that the actual BUTLER mortgage and note, given in 2007 by the defunct WASHINGTON MUTUAL BANK, FA [WAMU], was acquired in 2007 by the FEDERAL NATIONAL MORTGAGE ASSOCIATION [FANNIE MAE] from WAMU. Despite CHASE'S claims, before December 2011, to the Special Referee and the Court that it owned the subject mortgage and note, plaintiff CHASE only purchased the servicing rights to the subject mortgage and note from the FEDERAL DEPOSIT INSURANCE CORPORATION [FDIC] in September 2008, when WAMU was seized by the FDIC.
>
> Plaintiff CHASE, as will be explained, never owned the subject BUTLER mortgage and note. Therefore, CHASE had no right to foreclose on the subject mortgage and note. Moreover, the continued subterfuge by CHASE and its counsel to the Special Referee and Court that it owned the subject BUTLER mortgage and note demonstrated "bad faith" in violation of CPLR Rule 3408 (f), which requires that "[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible."

Chase v. Butler, 2013 NY Slip Op 51050(U), decided July 5, 2013, available online at http://www.courts.state.ny.us/REPORTER/3dseries/2013/2013_51050.htm,. See, also, *JP Morgan Chase Bank, National Association v Michael Porzio*, CV 09-010388 (10/31/13) where Hon. Kevin Tierney denied a Motion for Summary Judgment by Chase on similar grounds, both attached hereto as *Exhibit F*.

Here, as in Butler, Chase claims it acquired ownership of the Debtor's loan from the FDIC as receiver for Washington Mutual Bank. That is simply not the case. The only party with a right to file a Proof of Claim, by itself or through an agent, is, and remains, Fannie Mae.

5

Moreover, in light of Chase's pattern and practice of claiming ownership of a Note through purchase from the FDIC, when it knew that it was not the owner, and knew, in fact, that the Note had been previously purchased by Fannie Mae makes footnote #1 of Chase's *Reply* in this case all the more disconcerting. Chase's Footnote #1 stated *"The Debtor claims that the Note was acquired by Fannie Mae but does not provide any evidence to substantiate the allegation"*. This footnote is a red herring, clearly intended to infer that no such evidence exists when, in fact, Chase knew at the time of the *Reply*, or could have known with a most cursory review of its own internal records, that Fannie Mae was the owner of the Chennadu Note and that the Debtor's understanding of ownership was valid.

Having been called to action by Chase's counsel, this Response provides the documentation showing that Fannie Mae did, and does, own the Note.

### III. Questions as to Validity of Endorsement to Chase

#### A. There is Conflicting Information as to Location of Original Note.

In its *Reply,* counsel for Chase states that "[it] has already represented that the original Note is in [counsel's] possession and is available for inspection." In its *Motion for Leave to Amend,* dated January 21, 2014, counsel for Chase stated: "[t]he original Note has been in the physical custody of the undersigned since **June 15, 2012.**" *Motion for Leave to Amend* at para.9 {*emphasis added*}. In other words, counsel asserts that it has had sole physical custody of the Note from June 15, 2012 through and including January 21, 2014.

However, this statement is directly at odds with the **September 17, 2013** letter from Chase which states "[t]the attached copies of the Note and Deed of Trust [sic] have been included for your reference. The original documents are available for visual inspection at Chase Custody Services in Montoe, LA during normal business hours..." See, *Exhibit B,* {*emphasis*

6

Case 13-20436    Doc 44    Filed 03/26/14    Entered 03/26/14 15:56:55    Desc Main
Document    Page 7 of 10

*added*}. In other words, Chase claimed physical possession of the original Note in Louisiana at the exact time that counsel claimed said Note was in Connecticut. There is only one original Note, so these contradictory statements raise troubling questions.

### B. The Original Endorsement to Washington Mutual Bank, FA is Invalid.

The Note attached to the Proof of Claim filed on July 10, 2013, from Chase's offices, is stamped as a True and Accurate Copy of the original. **The only endorsement on that Note is to Washington Mutual Bank, FA which, in fact, had ceased to exist on April 4, 2005,** prior to Mr. Chennadu's execution of the Note in October, 2005. That is the date that the bank changed its name to Washington Mutual Bank. See *Exhibit G*. Upon information and belief, the endorsement on the Chennadu Note to Washington Mutual Bank, FA is a legal nullity and invalid on its face. As a result, there is no need to even inquire as to the validity of the endorsement or the authority of the signer, or any subsequent endorsements.

### C. The Second Endorsement to Chase is Invalid.

#### 1. Washington Mutual Bank, FA Did Not Exist When Note Was Subsequently Endorsed.

This court is undoubtedly aware of the banking climate and the term of art known as "robo-signer". The subsequent endorsement of the Chennadu Note, by known robo-signer, Cynthia Riley, at some point in time after the first endorsement, is invalid as Washington Mutual Bank, F.A. had ceased to exist prior to the execution of the Note. Therefore, Washington Mutual Bank, F.A. could not have held any any interest in the Note and could not have transferred any interest to Chase.

#### 2. Cynthia Riley's Stamped Signature was Not Used by Cynthia Riley.

Cynthia Riley, who worked at Chase's "secondary delivery operations department" for just over 2 years, from approximately June, 2004 (p. 36, line 19) through November, 2006 (p. 61,

*Suzann L. Beckett, Esq., CT 02186, 543 Prospect Avenue, Hartford, CT 06105  860-236-1111*

lines 1 – 10), has been the subject of prior robo-signing inquiries. On January 15, 2013, she was deposed by Attorney Wrubel in JP Morgan Chase Bank, N.A. vs Eduardo Orozco, et al, CN 09-29997 (CA), excerpts of which are attached hereto as *Exhibit H*. During that deposition, she testified that she herself handsigned Notes (p. 80, line 20-25); that there were 10 – 12 in her department that used her stamps to endorse notes (p. 48, lines 13-15; p. 49, lines 2-7), and that *she herself never used a stamped endorsement on the notes*. Emphasis added. (p. 58, line 4; p. 79 line 13-15).

### 3. POC #4 Does Not Show Any Interest in the Subject Note By Chase

As a result of the foregoing, we know that Mr. Chennadu signed his Note in October, 2005. We know that Fannie Mae acquired the Note in December, 2005. We know that Ms. Riley left the department that endorsed Notes in November, 2006. We also know that *7 years after she left the department*, in July, 2013, a Proof of Claim was filed with this Court, attaching a Note that was stamped indicating it was a true and accurate copy of the original Note and that the attached Note did not have any endorsement to Chase.

Chase did not attach any other documentation to its Claim to show that it had an interest in the Note and, in fact, has failed to provide any such documentation or evidence through the present date.

We know that Chase claimed to have physical possession of the Note at the time that it prepared the Proof of Claim, per its September 17, 2013 letter, which was just 2 months after the Claim was filed. There is no reason to disbelieve that Chase "Vice President" Cassie Funk did, in fact, make a copy of the original Note and attach it to the Proof of Claim as stated. The failure of the attached Note to reflect an ownership interest by Chase is the primary reason the debtor filed his Objection.

4. **Newly Endorsed Note Appears in January 2014.**

In addition to the matters referenced above, we also know that by January, 2014, after Debtor filed his December, 2013, Objection to Claim, the original Note was in the physical possession of Chase's counsel. An in-person review of that document showed a stamped endorsement in blank, from the name of the no-longer-in-existence Washington Mutual Bank FA, with a facsimile of Cynthia Riley signature. When and how that endorsement came to be placed upon the Note has not been explained in any satisfactory manner.

The unexplained appearance of an endorsed Note, under these circumstances, smacks of the type of "ta-da" endorsements that helped facilitate the national mortgage foreclosure crisis. Bank practices of routinely playing fast and loose with original documents continues to be front page news as recently as last week. See, "Wells Fargo Foreclosure Manual Under Fire" Washington Post, available at http://www.washingtonpost.com/business/economy/wells-fargo-foreclosure-manual-under-fire/2014/03/17/25cd383c-ae00-11e3-96dc-d6ea14c099f9_story.html attached hereto as *Exhibit I*. In that article, Attorney Linda Tirelli discusses her discovery of a Welles Fargo internal manual which instructs its counsel how to "fix" improperly executed documents for use in foreclosure matters.

### III. WITHOUT CLARITY AS TO OWNERSHIP, THERE CAN BE NO LEGAL AGENCY AND/OR AUTHORITY TO FILE PROOF OF CLAIM #4.

The crux of the Debtor's Objection to POC #4 is that the Creditor failed to provide sufficient documentation to substantiate the amount of the debt and/or the ownership of the Note and/or any evidence of the chain of transfer involving Fannie Mae or the FDIC. Nothing in Chase's *Reply* changes debtor's position that the claim is defective and should be disallowed. Simply stating that it is in possession of the Note which it supposedly obtained from the FDIC,

without any factual basis to show such a purchase, does not meet its legal burden in showing that it is a true Holder and/or that it is authorized to file the Proof of Claim on behalf of the true Owner. In fact, the assertions of Chase's *Reply* raises more questions than it answers.

## IV. CHASE LACKS STANDING TO FILE PROOF OF CLAIM #4.

The debtor's Note is not owned by Chase. At best, Chase is a mortgage loan servicer and neither asserts a beneficial interest in the Note, nor could it enforce the Note in its own right. A Federal Court cannot have jurisdiction unless a party has constitutional standing. While Bankruptcy Code Section 501(a) allows a "creditor" to file a proof of claim, the debtor may object pursuant to Bankruptcy Code Section 502(a).

In accordance with F.R.Civ.Pro 17 "[a]n action must be prosecuted in the name of the real party in interest." *(emphasis added)*. An Objection to a Proof of Claim is a contested matter, governed by F.R. Bankr.P. 9014, which makes F.R. Bankr.Pro 7017 applicable and 7017 is simply a restatement of F. R. Civ. P. 17. As Chase has failed to provide any evidence of its own authority, it cannot be a creditor nor a real party in interest and, therefore, has no standing to file a proof of claim.

## IV. CONCLUSION

For all the foregoing reasons, the Debtor asks that his Objection to Proof of Claim #4 be sustained, and the claim DISALLOWED.

THOMAS CHENNADU

By: *Suzann L. Beckett*
Suzann L. Beckett
543 Prospect Avenue
Hartford, CT  06105
Ct 02186
860-236-1111