UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) ) THOMAS CHENNADU, ) ) DEBTOR. ) ) | CASE NO. 13-20436 CHAPTER 13 |
| THOMAS CHENNADU, ) ) MOVANT ) ) v. ) ) JPMORGAN CHASE BANK, N.A., ) ) RESPONDENT ) ) | RE: ECF NO. 61 |

**BRIEF MEMORANDUM AND ORDER
ON DEBTOR'S MOTION TO AMEND OR ALTER JUDGMENT**

The Court, on May 27, 2014, entered its *Order re Claim #4 by JPMorgan Chase Bank, National Association* (hereinafter, the "Order"), ECF No. 59, overruling the Debtor's *Objection to Proof of Claim #4 by JPMorgan Chase Bank, National Association* (hereinafter, the "Objection"), ECF No. 33, and granting JPMorgan Chase Bank, N.A.'s (hereinafter, "Chase") *Motion for Leave to Amend Proof of Claim [#4]* (hereinafter, the "Motion to Amend Claim"), ECF No. 37, stating that it did so

> "for the *reasons* stated in the Motion, *inter alia*, ¶¶11-12, and Chase's *Reply to the Debtor's Objection to Claim*, ECF No. 41, which the Court adopts as its own." (emphasis added).

Order, p. 2.

The Debtor, on June 10, 2014, filed the *Debtor's Motion to Amend or Alter Judgment*

*Pursuant to FRBP 9023* (hereinafter, the "Debtor's Motion"), ECF No. 61.  The Debtor's Motion states that, in the Order,

> "the Court adopted as its own, Chase's *Reply to the Debtor's Objection to Claim*, ECF No. 41 (hereinafter, the "*Reply*"). Chase's *Reply* contained factual errors [concerning whether Fannie Mae is "owner" of the Note] which counsel for Chase acknowledged as errors during the oral argument of May 22, 2014."

Debtor's Motion, p. 1.

As precisely quoted, *supra*, the Court, in the Order, adopted as its own the *reasons* set forth in the Reply,  not the factual allegations therein.  The reasoning adopted by the Court is unaffected by whether Fannie Mae, Chase, or some other entity is the "owner" of the Note;  it derives entirely from Chase's status under Article 3 of the Uniform Commercial Code ("U.C.C."), Conn. Gen. Stat. §42a-3-101 *et seq.,* as the holder in due course of the Note.

> *"*Person entitled to enforce" an instrument means (I) the *holder* of the instrument . . . . A person may be a person entitled to enforce the instrument *even though* the person is *not the owner* of the instrument. . . .

 Conn. Gen. Stat. § 42a-3-301 (emphasis added)[1].

Simply stated the resolution of the Motion was unaffected by whether Fannie Mae "owned" the Note. Because the Order adopted the reasoning, not the factual representations, of the Reply, and  "ownership" of the Note was irrelevant in the Court's resolution calculus,

---

[1]*See* Reply, Part II Discussion, pp. 2 - 4, for its detailed discourse regarding Connecticut General Statutes Sections 42a-1-101 et seq., 42a-3-301, 42a-1-201(b)(21)(A), 42a-3-205(b), and applicable case authorities, and Motion, ¶12 discussing C.G.S. §§ 42a-3-301, 42a-3-109, 42a-3-205(a), 42a-3-205(b), 42a-1-201(20), 42a-3-309 and 42a-3-418(d), *adopted* by the Court in the Order as applicable statutory and case authorities.

**IT IS HEREBY ORDERED** that the Debtor's Motion is **DENIED**.

Dated: June 12, 2014                                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge